In the Matter of the Application of Mid-State Advertising Corp., Petitioner, Respondent, against John A. Bond, as Fire Marshal or Superintendent of Buildings of the City of Troy, Appellant.

682

Hill, P. J., McNamee, Crapser and Bliss, JJ., concur; Heffernan, J., dissents, with an opinion.

HEFFERNAN, J. (dissenting). Defendant, the fire marshal and superintendent of buildings of the city of Troy, has appealed from a peremptory mandamus order granted by the Special Term of the Supreme Court commanding him to issue to respondent a permit authorizing it to erect three billboards on certain vacant lots of land of which it is the lessee, located in that city.

Respondent, a domestic corporation, is engaged in the business of advertising in the city of Troy and is duly licensed to conduct the same. An ordinance of the

city makes it necessary for any person to obtain a permit from defendant in order to erect, alter, remove or repair any building or structure.

On April 26, 1936, respondent made application to defendant for permission to erect three billboards on vacant land leased by it and located within the corporate limits of the city. Defendant rejected the application on the sole ground that the issuance of a permit for that purpose would violate a city ordinance. Counsel for defendant concedes that respondent's application conformed to all the requirements of the Troy Building Code. The single question for decision, therefore, is the validity of the ordinance on which defendant based his denial of respondent's application.

The particular section of the ordinance necessary to consider in this inquiry is section 6-a, which reads: " It shall be unlawful to construct or erect any billboard and/or signboard within the corporate limits of the City of Troy, except upon real property owned or leased by the occupants thereof and for the sole purpose of advertising the sale of such real property or of merchandise kept for sale upon such premises. The provision of this ordinance shall not apply to sky signs, as provided for in section 172 of the Building Code, erected or to be erected upon buildings three stories or more in height."

By subdivision 25 of section 20 of the General City Law the cities of the State are empowered to regulate and restrict the location of trades and industries and the location of buildings. Such regulations, however, must be designed to promote the public health, safety and general welfare.

It is true that municipal corporations, under the police power, may reasonably control and regulate the construction, erection and maintenance of advertising billboards. They may prescribe a secure manner of construction, compel the use of safe materials, limit the size, length, height and location, require clean and sanitary maintenance thereof and prohibit indecent or immoral advertisements thereon, providing such regulations have some reasonable tendency to protect public health, morals or general welfare, and do not unnecessarily violate private property rights. It is equally true, however, that the owner of property has the right to put it to any use he desires provided in so doing he does not injuriously affect or imperil the rights of others. The right to use property in the prosecution of any business which is not dangerous to others nor injurious nor offensive to persons within its vicinity is one of the legal attributes of the ownership of property and one which the owner cannot be deprived of by any arbitrary statute or municipal ordinance. Legislative restrictions of the use of property are imposed only upon the theory of necessity; that is, that they are necessary for the safety, health, comfort or general welfare of the public.

A municipal corporation has no inherent power to enact police regulations, but derives such authority solely from the Legislature. A statute granting the right to exercise a designated portion of the police power is strictly construed and any fair and reasonable doubt as to the existence of a power must be resolved against the municipality. (19 R. C. L. 801; *People ex rel. Friend* v. *City of Chicago*, 261 Ill. 16; 103 N. E. 609.)

In the enactment of section 20 of the General City Law it was not the intention of the Legislature to confer unrestrained and unlimited police power upon municipalities.

The ordinance in question can only be declared valid on the theory that it is a legitimate exercise of the police power. That power, so difficult of accurate definition, while broad and comprehensive, is not without its limitations. The legislative determination as to what is a proper exercise of the police power is subject to the supervision of the court, and in determining the validity of an act it is its duty to consider not only what has been done under the law in a particular instance, but what may be done by virtue of and under its authority. The Legislature may not, under the guise of protecting the public interest, arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations. (*Fisher Co.* v. *Wood*, 187 N. Y. 90.) To justify a municipal ordinance which interferes to any extent with the right of the individual to the full enjoyment of his property it must appear that it is calculated to conserve the peace, security, health, morals or general welfare of the community. An examination of the ordinance before us in this case discloses that it does not purport to be, and was not intended to be, prohibitory, but to be regulatory only. Express authority to regulate negatives by implication the power to prohibit. The restrictions which this ordinance imposes are not against the material, the height, the length, nor the location of the structure but solely as to the advertising matter displayed thereon. Under its provisions respondent may lawfully erect a billboard provided it advertises thereon property kept for sale upon the premises. It may not advertise on such billboard any property kept elsewhere. Such a prohibition does not purport to have any relation to the peace, security, health or morals of the people or to the protection of their property. To say that one may lawfully advertise property for sale on the premises where the billboard is erected but may not lawfully advertise thereon the identical property located elsewhere is, in my opinion, neither good law nor good sense. It is obvious that this ordinance has no real or substantial relation to public health, public morals or public safety, but is a palpable invasion of rights secured by the fundamental law. It does not purport to have any relation to the protection of the public by reason of unsafe structures, to the diminution of hazard of fire, or to the prevention of immoral or obscene displays. Surely there is nothing inherently dangerous to the peace, health, morals or safety of the public by the erection of a billboard on one's own property containing thereon nothing but legitimate advertising, irrespective of the location of the property advertised. This ordinance makes property rights subject to the despotic will of municipal officers. On its face it is so palpably oppressive and unreasonable that the court should not hesitate for a moment to strike it down. No argument has been advanced by the supporters of this ordinance to indicate in what possible way the erection of a billboard on this property for legitimate advertising can endanger the public health, morals or safety.

Counsel for appellant contends in substance that the common council of the city is the best judge of the legislation necessary for the comfort and happiness of the people. To sustain his contention he has cited many cases which, to my mind, are not pertinent to the question involved in this case.

Courts are not swayed by specious reasoning nor bound by mere forms nor misled by mere pretense. The duty is imposed upon them to look not to the form but to the substance of things whenever they enter upon the inquiry whether the State or one of its political subdivisions has transcended the limits of its authority in the enactment of a statute or an ordinance.

This ordinance is oppressive, unreasonable and void. Its provisions constitute an unwarranted invasion of respondent's private rights.

The order appealed from should be affirmed, with costs.